JAMES CLARK AND JOHN H. O'BRIEN, EXECUTORS OF THE ESTATE OF DAVID SHAW, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34499. Promulgated December 22, 1931.

*Irwin N. Loeser, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, for the respondent.

1238

## OPINION.

SMITH: The principal issue for determination is whether decedent's losses from operation of his breeding and racing establishment were incurred in a trade or business entered into and carried on for profit or were losses sustained in an activity carried on merely for the personal pleasure derived, without expectation of profit. The question must be determined from all of the evidence respecting the character of decedent, the conditions under which he established the activity, his conduct of its operations, its losses and gains, and the opinion of decedent, if that can be determined, as to its promise of financial return.

Respondent's insistence appears to be that irrespective of decedent's intention in establishing this activity his continued operation of it at a loss during the years 1923, 1924, and 1925, after suffering considerable losses in the five preceding years, when considered in connection with his admittedly great interest and pleasure in fine horses and racing, is sufficient to show that his desire for and expectation of profit was subordinate to his personal pleasure and enjoyment in the breeding and racing of his horses.

We would think this conclusion reasonably justified if these were the only facts shown, but the record contains proof of other conditions which in our opinion are inconsistent with such conclusion. It is true that decedent was a wealthy man and it can not be doubted that he experienced personal pleasure in the racing of his horses, but when we consider the fact that he was a close man in money matters, that the breeding and racing establishment was not a show place in

any sense, and that decedent was not a man with social aspirations, that its operation showed a profit for some years and during the later years in which losses were incurred the petitioner was bitterly disappointed, but expressed the belief that conditions would change and a profit be realized, we must conclude that the continuation of operations was with a view of retrieving the losses incurred.

Many businesses are run at a loss for years in the anticipation that they will become successful. The proof is quite convincing in this case that there actually existed at all times a strong probability that such expectation would be realized.

In our opinion the facts shown in connection with the decedent's acquisition and operation of this breeding farm and racing stable bring this question at issue in line with our decisions in *George D. Widener*, 8 B. T. A. 651; affd., *Commissioner* v. *Widener*, 33 Fed. (2d) 833; and *Margaret E. Amory*, 22 B. T. A. 1398, where we held losses and/or expenditures incident to the operation of racing stables to have been incurred in a business carried on for profit and therefore deductible in computing taxable income.

We hold that respondent was in error in disallowing the deduction of losses sustained in 1923, 1924, and 1925 in the operation of his breeding and racing stables and also in determining that decedent realized a profit in 1923 upon the sale of stock in the Cleveland Electric Illuminating Company.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*